678 A.2d 1197

**Samuel W. RUMP**

v.

**The AETNA CASUALTY AND SURETY COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 14, 1996.

Filed May 31, 1996.

Reargument Denied Aug. 5, 1996.

174

Michael Saltzburg, Philadelphia, for appellant.

Before McEWEN, P.J., and TAMILIA and BROSKY, JJ.

TAMILIA, Judge.

Aetna Casualty and Surety Company (Aetna) appeals from the interlocutory Order of May 24, 1995 granting appellee's motion for partial summary judgment and declaring coverage in favor of appellee in this automobile insurance dispute. By Per Curiam Order dated August 23, 1995, we granted permission to appeal due to the "controlling question of law to which there is substantial ground for difference of opinion" at issue in this case. 42 Pa.C.S. § 702(b). Briefly stated, the facts of this case are as follows.

Appellee is the designated insured under an automobile insurance policy written by appellant. The policy indicates that appellee selected the "limited tort" option pursuant to section 1705 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701 et seq. Under section 1705, the limited tort designation permits recovery for non-economic loss (i.e., pain and suffering) only when one suffers a "serious injury." On April 18, 1991, appellee was involved in a motor vehicle accident which, for purposes of this action only, the parties stipulate was caused by Friedun Younossi, an uninsured motorist whose vehicle was registered in the state of Minnesota. Following the accident, appellee filed a claim for uninsured motorist benefits against appellant. Aetna denied the claim on the basis that appellee, as a limited tort claimant, had not suffered a "serious injury". Appellee agrees that he did not suffer a "serious injury" within the meaning of section 1705.

This appeal requires us to determine the proper construction of section 1705(d)(1), which provides as follows:

## § 1705. Election of tort options

. . . . .

### (d) Limited tort alternative.——

. . . . .

(1) An individual otherwise bound by the limited tort election who sustains damages in a motor vehicle accident as the consequence of the fault of another person may recover damages as if the individual damaged had elected the full tort alternative whenever the person at fault:

(i) is convicted or accepts Accelerated Rehabilitative Disposition (ARD) for driving under the influence of alcohol or a controlled substance in that accident;

(ii) is operating a motor vehicle registered in another state;

(iii) intends to injure himself or another person, provided that an individual does not intentionally injure himself or another person merely because his act or failure to act is intentional or done with his realization that it creates a grave risk of causing injury or the act or omission causing the injury is for the purpose of averting bodily harm to himself or another person; or

(iv) has not maintained financial responsibility as required by this chapter, provided that nothing in this paragraph shall affect the limitation of section 1731(d)(2) (relating to availability, scope and amount of coverage).

To summarize, section 1705(d)(1) provides that limited tort individuals may recover as if they were full tort (i.e., they may recover for non-economic harm) when another driver causes the accident and that driver is (i) drunk, (ii) driving an out-of-state vehicle, (iii) an intentional tortfeasor, or (iv) uninsured. Appellee claims [1] he is entitled to collect uninsured motorist benefits for non-economic harm as if he had elected the full tort alternative, under subparagraph (ii), since the person stipulated to be at fault, Mr. Younossi, was "operating a motor vehicle registered in another state[.]" On the other hand,

1. Appellee has not filed an appellate brief, relying instead on his Memorandum of Law in Support of Motion for Summary Judgment.

Aetna argues the exception contained in subparagraph (iv), "provided that nothing in this paragraph shall affect the limitation of 1731(d)(2)", applies to the entirety of paragraph (1). Section 1731(d)(2) provides:

### § 1731. Availability, scope and amount of coverage

.    .    .    .    .

### (d) Limitation on recovery.——

.    .    .    .    .

(2) A person precluded from maintaining an action for noneconomic damages under section 1705 (relating to election of tort options) may not recover from uninsured motorist coverage or underinsured motorist coverage for noneconomic damages.

Thus, according to appellant, since section 1731(d)(2) precludes those who have selected the limited tort option from recovering uninsured motorist benefits for non-economic damages, appellee may not recover such damages under any subparagraph of section 1705(d)(1), including (ii).

Hence, the issue in this case, apparently one of first impression in our Commonwealth, is whether the "provided that" exception in subparagraph (iv) applies only to that subparagraph or the whole of section 1705(d)(1). If, as Aetna claims, the exception applies to all of section 1705(d)(1), appellee is precluded from maintaining his action for uninsured motorist benefits for non-economic harm under (ii). On the other hand, if the exception applies only to (iv), as appellee claims and as found by the trial court, appellee's action under (ii) is not barred. Despite its novel nature, we find the issue to be governed by fundamental principles of statutory construction and analogous case law.

In *Commonwealth v. McIvor*, 448 Pa.Super. 98, 670 A.2d 697 (1996), an en banc panel of our Court considered the proper construction of 18 Pa.C.S. § 5704(2), which provides as follows:

### § 5704. Exceptions to prohibition of interception and disclosure of communications

It shall not be unlawful under this chapter for:

.    .    .    .    .

(2) Any investigative or law enforcement officer or any person acting at the direction or request of an investigative or law enforcement officer to intercept a wire, electronic or oral communication involving suspected criminal activities where:

(i) such officer or person is a party to the communication; or

(ii) one of the parties to the communication has given prior consent to such interception. *However, no interception under this paragraph shall be made unless the Attorney General or a deputy attorney general designated in writing by the Attorney General, or the district attorney, or an assistant district attorney designated in writing by the district attorney, of the county wherein the interception is to be made, has reviewed the facts and is satisfied that the consent is voluntary and has given prior approval for the interception;* however such interception shall be subject to the recording and record keeping requirements of section 5714(a) (relating to recording of intercepted communications) and that the Attorney General, deputy attorney general, district attorney or assistant district attorney authorizing the interception shall be the custodian of recorded evidence obtained therefrom.

18 Pa.C.S. § 5704(2)(i) and (ii) [emphasis added].

The question before the Court was whether the emphasized clause contained in section 5704(2)(ii) applied only to provision (ii) or to all of (2). To resolve this question, the panel turned to 101 Pa.Code § 23.26.

### § 23.26. Internal divisions of sections.

Whenever internal divisions are necessary, subsections shall be identified by lower case letters, paragraphs by Arabic numerals, subparagraphs by lower case Roman numerals, clauses by capital letters and subclauses by capital

Roman numerals, all contained within parentheses, as follows:

| Terminology | Illustrative Symbol |
|---|---|
| Subsection | (a) |
| Paragraph | (1) |
| Subparagraph | (i) |
| Clause | (A) |
| Subclause | (I) |

*Id.*[2] Accordingly, the *McIvor* Court concluded:

Clearly, then, in section 5704, the approval and supervisory requirements contained in subparagraph (2)(ii) apply to all of paragraph (2), including subparagraph (2)(i).

*McIvor, supra* at 116, 670 A.2d at 706 (emphasis in original).

Having reviewed the legislative history of section 1705 and finding it silent as to the proper scope of the limitation in subparagraph (iv), we are bound to apply the principles of *McIvor* and 101 Pa.Code § 23.26 to the case *sub judice.* Based on these principles, we find it is clear that provision (1) of section 1705(d) is a *paragraph* since it is illustrated by an Arabic numeral and (iv) is a *subparagraph* because it is illustrated by a lower case Roman numeral. Since the exception in *subparagraph* (iv) expressly states that "nothing in this *paragraph* shall affect the limitations of section 1731(d)(2)" (emphasis added), it necessarily applies to all of *paragraph* (1). Therefore, we hold that a limited tort designee may not collect uninsured or underinsured motorist benefits for non-economic harm under any subparagraph of paragraph (1). It is for the legislature, not the courts, to alter this construction.

2. *See also* 1 Pa.C.S. § 301(c), which provides as follows: ·

   § 301. Arrangement

   (c) Sections of this act are identified by Arabic numerals beginning with each title. Chapters shall consist of no more than ninety-nine sections. The last two digits in the section numbers shall indicate the sequence of sections within a chapter, and the digit or digits preceding such digits shall indicate the number of the chapter. A section of this act is subdivided into subsections, paragraphs, subparagraphs and such other minor subdivisions as may be required for clarity of expression and uniformity of style.

Based on the foregoing analysis of 75 Pa.C.S. § 1705(d)(1), we find the "provided that" clause of subparagraph (iv) applies to the entirety of paragraph (1). Hence, we reverse the May 24, 1995 Order granting appellee's motion for partial summary judgment and declaring that appellee is entitled to recover uninsured motorist benefits for non-economic harm pursuant to section 1705(d)(1)(ii). The case is remanded for proceedings consistent with this Opinion.

Reversed and remanded.

Jurisdiction relinquished.